13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Douglas Trent BURNS; Herman Maestas; Charlie Wade; and
all others similarly situated, Plaintiffs-Appellants,
v.
Frank O. GUNTER, Executive Director; Lou Hesse, CCF
Superintendent; Joe Paolino; C.E. Ahart, Major;
Major Foshee; Sgt. Ryan; and Ron
Drake, Lt., Defendants-Appellees.
 No. 93-1201.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1993.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellants are pro se litigants and inmates confined in a Colorado State penitentiary. Appellants filed a complaint pursuant to 42 U.S.C.1983 making numerous allegations concerning their conditions of confinement. The district court, relying on a prisoner's class action suit, concluded all of Appellants' claims could have been raised in the class action suit and held Appellants were barred under the doctrine of res judicata from asserting their claims in this separate action. We exercise jurisdiction and affirm.
 
 Background
 
 3
 At all relevant times, a class action lawsuit was pending regarding the operation and conditions of confinement at the penitentiary where Appellants were confined. See Ramos v. Lamm, 485 F.Supp. 122 (D. Colo.1979), aff'd. in part and rev'd in part, 639 F.2d 559 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981), opinion on remand, 520 F.Supp. 1059 (D. Colo.1981). In 1990, members of the class sought to have defendants held in contempt for their failure to comply with a 1985 consent order. In June, 1992, the District Court of Colorado entered an order approving a final agreement and stipulation and entered final judgment and dismissal with prejudice. This class action involved a variety of issues concerning state inmates' conditions of confinement. The class had been properly certified and Appellants were class members.
 
 
 4
 In March 1992, Appellants filed their objections to the settlement proposal in the class action suit and requested they be excluded from the class. Both were denied.
 
 
 5
 Appellants waited until the class action suit had been settled and dismissed, and then commenced this action in July 1992. Appellants' complaint raises issues relating to their conditions of confinement that were not specifically raised or provided for in the class action suit.
 
 Appeal
 
 6
 Appellants, acting pro se, raise five issues in their appeal all of which relate to the application of the doctrine of res judicata. In essence, Appellants complain they did not consent to the settlement and attempted to exclude themselves from the settlement. They argue the settlement does not apply to them and assert the settlement cannot bar this action as this action is beyond the scope of the settlement agreement.
 
 Decision
 
 7
 As the facts of this case are not in dispute, we must determine de novo whether the substantive law of res judicata was correctly applied.
 
 
 8
 Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). May v. Parker-Abbott Transfer & Storage, Inc., 899 F.2d 1007 (10th Cir.1990), explains the applicable law. There we said:
 
 
 9
 [A] final judgment on the merits bars further claims by parties ... on the same cause of action.... The same rule applies when, as here, a suit is dismissed "with prejudice" by consent decree....
 
 
 10
 In order to determine what constitutes a single "cause of action" in any given case, this circuit applies the transactional approach....
 
 
 11
 ...
 
 
 12
 What factual grouping constitutes a "transaction" ... [is] determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations....
 
 
 13
 Id. at 1009-10 (internal quotations and citations omitted).
 
 
 14
 Applying this test to the facts at hand, we can only conclude Appellants' claims are barred. Appellants were members of the plaintiff class in the class action suit and are again plaintiffs; the defendants are identical in both suits; both suits are predicated upon 42 U.S.C.1983 and challenge the conditions of confinement; all of Appellants' claims in the instant suit occurred and were in existence prior to the class action suit settlement; the claims in both suits were related in time, origin and motivation; the claims in both suits would have formed a convenient trial unit; and the treatment of the unit conforms to the parties' expectations as the settlement agreement in the class action suit specifically referenced those claims that could have been brought.
 
 
 15
 The judgment of the trial court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3